UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENEDETTO CIPRIANI,<br><br>    Petitioner,<br>v.<br><br>WARDEN and D.O.C. COMMISSIONER,<br><br>    Respondents. | 3:09-cv-01125 (CSH)<br><br>**RULING ON MOTION<br>FOR RECONSIDERATION** |

HAIGHT, Senior District Judge:

    Last July, petitioner Benedetto Cipriani filed a *pro se* petition seeking habeas corpus relief. Following a detailed examination of the petition, the Court granted Cipriani's motion to appoint counsel, so that counsel could advise Cipriani regarding his potential claims, help Cipriani exhaust alternative avenues for relief, and file an amended petition if appropriate. *See* Ruling & Order [Doc. #7] at 9 (Dec. 7, 2009). Recently, Cipriani's counsel informed the Court by letter that Cipriani had begun the process of exhausting his state administrative remedies, and furthermore, that Cipriani had not yet perfected his criminal appeal or sought whatever collateral relief as might be available in Connecticut's state courts. Letter [Doc. #13] at 1 (May 21, 2010). In light of these tasks remaining to be performed, the Court administratively closed the case, "without prejudice to reopening at a later date, once petitioner has exhausted whatever state or administrative remedies as may be available to him." Order Closing Case [Doc. #14] at 1 (May 24, 2010).

    Cipriani has now submitted a letter to the Court, apparently without the assistance of counsel, asking the Court "to reconsider the unilateral decision made by Mr Schaffer." Letter [Doc. #15] at 2 (June 1, 2010). Under normal circumstances, the Court would not receive or

consider a *pro se* submission from a party that is still represented by counsel. However, because Cipriani's letter alleges that his attorney acted contrary to his instructions, and because he effectively seeks to reverse the course set by his counsel, it is appropriate under these circumstances for the Court to consider Cipriani's letter.

The Court construes Cipriani's letter as a motion for reconsideration of its May 24, 2010 Order that closed this case, or in the alternative, as a motion for an explanation of the Court's reasons for that Order. To the extent the motion seeks reconsideration, it is DENIED. To the extent the motion seeks explanation, I amplify my original reasons below.

I dismissed Cipriani's original *pro se* petition for habeas relief because Cipriani admitted that he had not exhausted his state remedies. *See* Pet'n [Doc. #1] at 9-11; Ruling [Doc. #7] at 5-7. Cipriani's original petition admitted that he had not raised the relevant issue either in his direct appeal, or by some other collateral judicial procedure like an application for habeas corpus relief in state court. Likewise, Cipriani's original petition contained no discussion of administrative exhaustion, even though some of Connecticut's administrative procedures appeared to be tailored to the type of relief that Cipriani was seeking. *See* Ruling [Doc. #7] at 6.

Because his petition presented unexhausted claims without explaining or justifying the lack of exhaustion, the petition had to be dismissed. However, it seemed possible that with counsel to assist him, Cipriani could argue that one or more exceptions to the exhaustion requirement might apply. *See* Ruling [Doc. #7] at 5. Likewise, it seemed possible that Cipriani might be able to pursue other legal avenues leading to the same ultimate relief. *See id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477 (10th Cir. 1995), which considered a similar claim in the

context of an application for a writ of mandamus under 28 U.S.C. § 1361).  Thus, I appointed counsel to advise Cipriani on the best future course of action.

At this point, Cipriani appears dissatisfied with his attorney's advice.  His attorney, Peter J. Schaffer, disclosed some of that advice in his letter to the Court.  Schaffer "advised Mr. Cipriani that he must exhaust [the extradition issue raised in his petition] through the Connecticut Appellate Courts in order to raise it in a federal habeas matter."  [Doc. #13].  He also "contacted his appointed state court appellate lawyer regarding this issue and Mr. Cipriani's wish that it be raised on appeal."  *Id.*

That advice appears likely to be sound, in light of the restrictions that Congress has placed on federal habeas corpus relief.  The relevant statute provides:

> **§ 2254. State custody; remedies in Federal courts**
>
> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or
> >
> >         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .

> (c) *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented*.

28 U.S.C. § 2254(a)-(c) (emphasis added). It has long been apparent from the face of the original petition that Cipriani has an "available procedure" left to pursue in the courts of Connecticut before he files a petition for federal habeas corpus relief.

Cipriani's letter emphasizes the point that "a violation of an extradition order is a federal matter." That may be so. However, in the context of habeas corpus, state courts are equipped to apply federal law, and they correct errors in federal law — such as violations of federal constitutional rights — all the time. The federal habeas corpus law quoted above requires me to give the state courts an opportunity to correct their own mistakes (assuming one has been made) before I take up a federal habeas corpus petition on the same question.

Absent any evidence to the contrary, the Court must assume that Attorney Schaffer advised his client with all due diligence. Schaffer was apparently unwilling to file either an amended petition arguing that the exhaustion requirement should not apply, or another federal complaint seeking similar relief under a different framework. I must assume that he was unwilling to do so because such pleadings could not find support in law or equity.

The petition remains dismissed and this case shall remain administratively closed until such time as "petitioner has exhausted whatever state or administrative remedies as may be available to him." Order [Doc. #14] at 1. At that time, he may refile his petition. Attorney Schaffer is directed to deliver a copy of this Order to his client.

It is SO ORDERED.

Dated: New Haven, Connecticut
June 9, 2010

                ___/s/ Charles S. Haight, Jr._____
                Charles S. Haight, Jr.
                Senior United States District Judge